UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-60821-CIV-COHN/Seltzer

LYNNE M. BALTHAZOR,

    Plaintiff,

vs.

ARS NATIONAL SERVICES, INC.,
d/b/a ASSOCIATED RECOVERY SYSTEMS,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss for Lack of Jurisdiction [DE 7], Plaintiff's Opposition to the Motion [DE 12], and Defendant's Reply [DE 19]. The Court has carefully considered the Motion and all related filings, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff filed this action for two alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). Defendant filed an Answer denying that such violations occurred [DE 5]. The next day, Defendant's counsel offered to settle the FDCPA claims for $1,001, plus reasonable attorneys' fees and costs [DE 7-1]. Two weeks later, Plaintiff served her Rule 26 Initial Disclosure, listing her damages under the FDCPA as "up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)," in addition to declaratory/injunctive relief, costs, expenses and attorneys' fees [DE 7-2]. However, Plaintiff's Complaint appropriately limits the declaratory and injunctive relief to the TCPA, as such relief is not available under the

FDCPA. There is no indication that a Rule 68 Offer of Judgment has been made in this case.

## II. ANALYSIS

Based upon its settlement offer, Defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant argues that under the mootness doctrine, there is no longer a case or controversy as all possible relief under the FDCPA has been offered.[1] Plaintiff contends that because she seeks a judgment for damages, the simple offer of $1,001.00 in damages does not afford Plaintiff all the relief that she seeks. Plaintiff argues that Defendant is seeking an end run around the requirements of Federal Rule of Civil Procedure 68.

Courts in the Southern District of Florida, as well as in other districts, have split on the issue of whether a mere offer of full damages moots a case. In addition to various citations from outside of the Eleventh Circuit, Defendant relies upon Brown v. Kopolow, 2011 WL 283253 (S.D. Fla., Jan. 25, 2011), Outten v. United Collection Bureau, Inc., Case No. 09-21817-Civ-Gold (S.D. Fla., April 5, 2010), and Zinni v. ER solution, Inc., Case No. 10-80780-Civ-Ryskamp (S.D. Fla., April 20, 2011), to support its argument that an offer of full damages under the FDCPA deprives a court of jurisdiction. In Brown, however, although the Court agreed with the defendant that the action was moot, the Court did not dismiss this action but instead *sua sponte* entered judgment for Plaintiff in the amount offered by Defendant, essentially importing the Rule

---

[1] If left with only a TCPA claim, this Court would decline to exercise supplemental jurisdiction and dismiss that claim without prejudice to refile in state court.

68 procedure into its decision.  2011 WL 283253, *4.  In the present action, Plaintiff argues in the alternative that if the Court finds that Defendant's offer satisfies Plaintiff's claim, then the Court should enter judgment in the amount of $1,001 for Plaintiff.  Defendant opposes this relief.  Defendant's Reply at 4 [DE 19].  In Outten, the plaintiff did not file an opposition to the Defendant's motion to dismiss, thus limiting the applicability of that case to the present action.

In opposition to the motion to dismiss, Plaintiff cites to a decision from this Court that rejected the very argument put forth by Defendant.  In Manfred v. Focus Receivables Management, LLC, Case No. 10-60597-Civ-Zloch, the Court concluded that a non-Rule 68 settlement offer cannot be construed to be a Rule 68 offer for purposes of mooting Plaintiff's claims, but then be distinguished from a Rule 68 offer in order to protect Defendant from having a judgment entered against it.  Defendant argues in reply that the Article III "case or controversy" doctrine supplies a basis for mootness independent of Rule 68.  Nonetheless, in the absence of appellate authority that approves dismissal of an action upon a mere offer of full damages,[2] this Court agrees with the Court in Manfred that Defendant's argument would eviscerate the procedures set forth in Rule 68.  A defendant can limit its liability and avoid further attorney's fees by following the Rule 68 procedure.  Defendant in this action is expressly not seeking relief under Rule 68.  This Court does not find that the action is

---

[2] This Court recognizes that the United States Court of Appeals for the Eleventh Circuit recently held that a Fair Labor Standards Act plaintiff who accepts full damages relief tendered by a defendant is not a prevailing party for purposes of obtaining attorney's fees.  Dionne v. Floormasters Enterprises, Inc., – F.3d –, 2011 WL 3189770 (11th Cir., July 28, 2011).  However, that decision did not address the district's courts ruling that the action for damages was moot.

moot as Plaintiff has not been afforded the relief of an enforceable judgment.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Lack of Jurisdiction [DE 7] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 18th day of August, 2011.

JAMES I. COHN
United States District Judge

Copy Provided:

counsel of record or pro se party listed on CM/ECF