UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-60821-CIV-COHN/Seltzer

LYNNE M. BALTHAZOR,

      Plaintiff,

vs.

ARS NATIONAL SERVICES, INC.,
d/b/a ASSOCIATED RECOVERY SYSTEMS,

      Defendant.
_____/

**ORDER VACATING REFERRAL OF MOTION TO MAGISTRATE JUDGE**
**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR FEES AND COSTS**

**THIS CAUSE** is before the Court on Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees [DE 50] ("Motion").  The Court has considered the Motion, Plaintiff's Brief and Declaration in Support [DE's 51 and 52], Defendant's Response in Opposition [DE 53], Plaintiff's Reply [DE 57], Plaintiff's Supplemental Declarations [DE's 56 and 59], and is otherwise fully advised in the premises.

**I. BACKGROUND**

On April 15, 2011, Plaintiff filed this action for claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* ("TCPA").  Complaint [DE 1].  Defendant initially moved to dismiss this action because it had made an offer to settle for the full monetary relief allowed under the FDCPA [DE 7].  After briefing, the Court denied the motion [DE 32].  Balthazor v. ARS Nat. Services, Inc., 2011 WL 3627701 (S.D. Fla. Aug. 18, 2011).  The parties also engaged in discovery motion practice before United States Magistrate Judge Barry Seltzer.  See Orders at DE's 25, 34, and 35.  Defendant again moved to dismiss the

action upon its making a Rule 68 Offer of Judgment to Plaintiff [DE 36-1].  Two days after that motion became ripe, Plaintiff filed its Notice of Acceptance of Offer of Judgment [DE 41] and moved for entry of partial judgment [DE 42].  The Court granted Plaintiff's motion, entered partial judgment in favor of Plaintiff and against Defendant with respect to Plaintiff's FDCPA claims, and denied Defendant's motion to dismiss as moot [DE 43 and 44].  The Court then dismissed the remaining TCPA claim pursuant to 28 U.S.C. § 1367(c)(3).  Id.

On November 21, 2011, Plaintiff filed the instant Motion, requesting $6,594.00 in attorney's fees and $1,475.00 in costs (increased by $250 per the Supplemental Declaration of Donald Yarbrough [DE 56]).  On December 26, 2011, Plaintiff filed the Supplemental Declaration of Donald Yarbrough requesting an additional $2,691.50 in attorney's fees incurred since filing the Motion [DE 59].  Defendant opposes the Motion.

## II.  DISCUSSION[1]

In an individual action under the FDCPA, in addition to damages, a debt collector may be liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a).  Defendant does not dispute that Plaintiff is entitled to some amount of attorney's fees in this case.  See Resp. at 14; see also 15 U.S.C. § 1692k(a)(3).  The only contention is the amount of fees to which she is entitled.

### A.  Attorney's Fees

The FDCPA entitles the prevailing party to a "reasonable attorney's fee."  15 U.S.C.

---

[1] This Court recently addressed a similar motion filed by Attorney Yarbrough in Patricka R. Forde v. National Enterprise Systems, Inc., Case No. 11-61204-CIV at DE 29 (S.D. Fla. November 30, 2011).  Much of the legal discussion that follows is adopted from that recent order.

§ 1692k(a)(3). A reasonable award for attorney's fees is calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999). In determining what fee constitutes a "reasonable" hourly rate and what number of compensable hours constitute a "reasonable" number of hours, a court may consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Accord Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1340 (11th Cir. 1999).[2] In addition, a district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1492-93 (11th Cir. 1994).

### 1. Reasonable Hourly Rate

The first step in calculating the lodestar amount is determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and

---

[2] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Id. Satisfactory evidence is at a minimum more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence. Id.

Plaintiff was represented in this litigation by Donald A. Yarbrough. The Motion, as well as Plaintiff's Brief [DE 51] and Yarbrough Declaration [DE 52], identify Mr. Yarbrough's billing rate as $350 per hour. Mot. ¶ 9; Yarbrough Decl. ¶ 14. Defendant contends that his rate should be no more than $300 an hour because this action was not complex, was similar to other actions filed by Attorney Yarbrough, and this Court has recently awarded him $300 per hour.

According to the Yarbrough Declaration, Mr. Yarbrough's rate used to be $300 per hour, but he is now in his twelfth year of practice as an attorney, and he has extensive experience in consumer debt collection. Yarbrough Decl. ¶ 14. Mr. Yarbrough highlights that he has been awarded $350 per hour in a number of other cases in this district. Id.[3]

---

[3]   See also, e.g., Karns v. Frank S. Falzone, Case No. 10-60521-LENARD/O'SULLIVAN, DE's 88, 89 (S.D. Fla. Nov. 4, 2011) (awarding fees at $350 hourly rate); Manfred v. Pentagroup Fin., LLC, Case No. 10-61378-CIV-DIMITROULEAS/SNOW, DE's 24, 23 (S.D. Fla. Oct. 19, 2011) (same); Sclafani v. Receivables Performance Mgmt., Inc., Case No. 10-60742-CIV-JORDAN/O'SULLIVAN, DE 69 (S.D. Fla. Oct. 7, 2011) (same); Bianchi v. Bronson & Migliaccio, LLP, Case No. 09-61164-CIV-UNGARO/SIMONTON, DE 86 (S.D. Fla. Feb. 2, 2011) (awarding Mr. Yarbrough $350 per hour even when case was not novel or difficult); Manfred v. Vision Credit Solutions, LLC, Case No. 10-60620-CIV-COHN/SELTZER, DE's 14, 12 (S.D. Fla. Jan. 5, 2011) (awarding fees at $350 hourly rate); Crescenzo v. Law Offices of Douglas R. Burgess, LLC, Case No. 09-61456-CIV-DIMITROULEAS/SNOW, DE 27; DE 26 (S.D. Fla. Oct. 15, 2010) ("the rate of $350.00 per hour is within the range of rates charged in the South Florida community for similar services by lawyers of reasonably comparable skills, experience and reputation.").

Defendant responds that Plaintiff does not provide any justification for an increase in his rate from $300 to $350, particularly given the "poor economic environment." Response at 2.

This Court notes that both sides have cited to decisions from this Court supporting both the $300 and $350 rates for Attorney Yarbrough. The Court's own research indicates that in the cases cited by Plaintiff's counsel to support a $350 hourly rate, rarely was his rate contested. In addition, there are numerous cases in this district from 2011 that have awarded Mr. Yarbrough only $300 an hour.[4] In light of the parties' arguments, the record evidence, and the case law in this district, the Court finds that a billing rate of $325.00 per hour is reasonable.

## 2. Reasonable Number of Hours Expended

As noted above, the second step in calculating the lodestar amount involves determining whether counsel expended a reasonable number of hours on the case. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the court may properly assess the time claimed for each activity. See Hensley, 461 U.S. at

---

[4] See also, e.g., Bryant v. CAB Asset Mgmt., LLC, Case No. 10-61514-CIV-HUCK, DE 23 (S.D. Fla. April 6, 2011) (awarding $300 per hour and finding no support for an hourly rate of $350 where case was not novel or difficult); Harmon v. Collection Info. Bureau, Inc., Case No. 10-80727-CIV-DIMITROULEAS/SNOW, DE 41 (S.D. Fla. June 28, 2011) (finding rate of $300 to be within range of prevailing market rates for similar services by lawyers of comparable skills, experience, and reputation); Scanlan v. Focus Receivables, Mgmt. LLC, Case No. 10-60715-CIV-MOORE, DE 28 (S.D. Fla. July 27, 2011) (paperless order awarding $300 rate and stating, "given that this particular matter was not 'novel or difficult,' this Court agrees with the Report that an hourly rate of $350.00 for counsel Donald Yarbrough would be excessive."); Sclafani v. Allianceone Receivable Mgmt. Inc., 09-61675-CIV-ZLOCH, DE 79 (S.D. Fla. Sept. 28, 2011) ("the Court is satisfied that a reasonable loadstar for Mr. Donald A. Yarbrough, Esq. is $250.00 per hour"); Berg v. Regional Adjustment Bureau, Inc., 10-60645-CIV-ZLOCH, DE 57 (S.D. Fla. Sept. 23, 2011) (same); Waltman v. Nationwide Credit, Inc., 10-60588-CIV-ZLOCH, DE 59 (S.D. Fla. Aug. 26, 2011) (same).

433; Norman, 836 F.2d at 1301.  Excessive, redundant or otherwise unnecessary hours should not be included in the calculation.  See Barnes, 168 F.3d at 427.

The Motion seeks reimbursement for 18.84 hours spent litigating this case, and the Yarbrough Supplemental Declaration seeks reimbursement for an additional 7.69 hours spent litigating this Motion.  Defendant argues that Plaintiff should not be allowed to recover (1) fees incurred after the full settlement offer made on May 10, 2011 or after the Offer of Judgment was served, (2) fees for time spent on the TCPA claim – for a 50% reduction; and (3) fees for time entries that are not compensable or excessive.  The Court addresses each argument in turn.[5]

First, Defendant contends that Plaintiff should not recover fees for any work after May 10, 2011, when Defendant served Plaintiff with its settlement offer.  However, Plaintiff is correct that the Court determined that the settlement offer did not moot the action.  Defendant also asserts that no time incurred after Defendant served the offer of judgment on August 19, 2011 is compensable.  Plaintiff's Invoice reveals that mediation was scheduled for August 25, 2011, prior to the deadline for Plaintiff to accept the offer of judgment.  Exhibit A to Yarbrough Declaration [DE 52-1].  Because mediation was court-ordered and the case was not yet over, it was reasonable for Attorney Yarbrough to seek to recover the 0.77 hour he spent traveling to and attending the mediation – even though the mediation did not occur because Defendant did not appear.  However, it is not reasonable to award Plaintiff attorney's fees for preparing an opposition to the motion to dismiss on August 30, 2011 and reviewing Defendant's Reply on August 31, 2011, when Plaintiff

---

[5] There does not appear to be an objection to the time submitted on December 26, 2011 in the Supplemental Declaration regarding the fee motion [DE 59-1].

accepted the Offer of Judgment on September 2, 2011 and any response to the motion to dismiss was not due until September 6, 2011.  Therefore, the Court will strike the total of 1.3 hours for the two entries from August 30 and August 31.  The remaining time entries after the acceptance of the offer of judgment relate to the terms of the partial final judgment and Plaintiff's request for an order to show cause regarding Defendant's failure to appear at mediation.  The Court concludes that recovery for this time is reasonable to protect the importance of the mediation process.

Defendant also seeks a 50% percent reduction of time because Plaintiff was not successful on her TCPA claim.  That claim was dismissed without prejudice.  Plaintiff contends that the hours incurred by Plaintiff with respect to the FDCPA claim would have been incurred even in the absence of the TCPA claim.  Under the circumstances of this action, this Court agrees.

Defendant also objects to particular time entries as excessive.  For example, Defendant argues that the 0.25 hours counsel claims to have spent on April 15, 2011, on "background investigation of defendant," should be stricken because "Plaintiff has filed suit in this very court on multiple occasions prior to initiating the instant lawsuit."  Response at 11.  Plaintiff asserts in her reply that she has never filed an action against this Defendant – though its clear that Defendant meant to argue that Plaintiff's <u>counsel</u> had filed such actions.  Even if he had filed such actions, 15 minutes spent on background research, even if just for an update, is reasonable.

Defendant next objects to the 0.33 hours spent on May 25 preparing Plaintiff's document request because it is essentially identical to others "Plaintiff served in previous litigation with our firm, including prior ARS matters."  Counsel for Plaintiff does not disagree

but contends that even forms used repeatedly must be changed for each case.  Twenty minutes for this time is reasonable.  Similarly, Defendant objects to the 0.50 hours spent reviewing Defendant's Motion to Dismiss (6/21/11), the 1.0 hour for preparing a motion to compel (7/6/11), the 0.67 hours drafting a response to the motion to dismiss (7/8/11), and the 1.0 hour for preparing a motion to compel the account notes (8/16/11) on the same basis that these filings were "nearly identical to similar" filings Plaintiff has made in this court.  Plaintiff supports these entries by stating that the small amounts of time are reasonable given the case dispositive nature of the motion to dismiss and the need to change names, dates, etc. on the motions to compel.  This Court agrees.  Even if similar to prior litigation matters, the small amounts of time to read, prepare, or update the documents in question are reasonable.

Defendant also objects to Plaintiff's claim to have spent 1.0 hour on July 6 reviewing Defendant's response to the document request, even though no documents were produced.  Plaintiff defends this entry by stating that the time was required to review the response, even though no documents were attached.  The Court agrees this time entry is reasonable.

Turning next to Defendant's objection to the 1.0 hour spent drafting Plaintiff's reply regarding Plaintiff's motion to compel on July 18, Defendant states that because the motion was denied and was frivolous, the time should not be recoverable, including an additional 0.08 hour for Plaintiff to strike and refile her brief.  While Defendant is correct that Plaintiff's motion was denied because Defendant had produced the discovery in the interim, the Magistrate Judge did not conclude that Plaintiff's motion was frivolous.  Order Denying Motion to Compel [DE 25].  The Magistrate Judge pointed out that new arguments made regarding the sufficiency of the production could not be first raised in a reply memorandum.

Id., n. 1.

Finally, Defendant objects to the 0.33 hours spent reviewing Defendant's response to the motion to compel regarding the account notes because the response was only one and one-half pages.  However, the response [DE 29] was actually six pages in length.  Therefore, 20 minutes of review was reasonable.

### 3.  Lodestar Amount

Of the requested time, the Court will strike 1.3 hours, leaving the reasonable number of hours expended to be 25.23 hours.  The Court notes that there were two motions to dismiss and two discovery motions filed in this action prior to acceptance of the offer of judgment and entry of partial judgment.  Multiplying the reasonable hourly rate ($325.00) by the reasonable number of hours expended (25.23) results in a total lodestar amount of $8,199.75.  Therefore, the Court will award Plaintiff $8,199.75 in attorney's fees.

### **B. Costs**

In addition to attorney's fees, the Motion seeks to recover $1,725.50 in costs incurred in this matter, consisting of $350.00 for the filing fee, $30.00 for the cost of service of process, $660.50 for mediation services, $425 for videoconferencing for the August 22, 2011 deposition, and $250 for the court reporter for late cancellation of the deposition. Exhibit B to Motion [DE 52-2]; Exhibit A to Supplemental Declaration [DE 56-1].  Defendant objects to the deposition costs because Defendant informed Plaintiff on August 19, 2011 that it would not be attending the August 22 deposition because of the offer of judgment served on August 19.  Defendant also objects to the mediation costs as not taxable under 28 U.S.C. § 1920.

In her reply, Plaintiff contends that Defendant's arbitrary decision not to attend its deposition does not allow Defendant to avoid the cancellation cost.  Plaintiff notes that the Magistrate Judge denied Defendant's motion for protective order on August 19, 2011 [DE 35].  However, that denial was based upon this Court's denial of the first motion to dismiss related to the settlement offer – not the formal offer of judgment made on August 19, 2011.  It was not reasonable for Plaintiff to go forward with incurring deposition costs on August 22, 2011, in the face of an offer of judgment made on August 19, 2011 that was accepted by the Plaintiff on September 2, 2011.  Therefore, the Court concludes that the $425 and $250 costs related to the August 22 deposition are not taxable under the specific circumstances of this case.

Turning next to Defendant's objection to the mediation costs, this cost is not taxable because it is not specifically listed in section 1920 as taxable.  Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc., 260 F.3d 1054, 1061 (9th Cir.2001) ("[N]othing in 28 U.S.C. § 1920 provides for the cost of a mediator."); George v. GTE Directories Corp., 114 F.Supp.2d 1281, 1300 (M.D. Fla. 2000) (refusing to tax mediation costs when prevailing party cited no legal authority to justify such an expense); Wayne v. Dallas Morning News, 2000 WL 343188, *3 (N.D. Tex. Mar.31, 2000) (holding that mediation costs are not compensable), aff'd., 226 F.3d 641 (5th Cir.2000); AM Properties v. Town of Chapel Hill, 202 F.Supp.2d 451, 456 (D.N.C. 2002).  Therefore, the Court will not tax the mediation fee ($660.50).  The only taxable costs in this case are the filing fee and the service fee, for a total of $380.00.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The referral of Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees [DE 43] to the Magistrate Judge is hereby **VACATED**;

2. Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees [DE 50] is hereby **GRANTED in part** and **DENIED in part**;

3. Plaintiff is awarded a total of $8,579.75 for attorney's fees and costs, which includes $8,199.75 in attorney's fees and  $380.00 in costs;

3. The Court will enter a separate judgment for fees and costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of January, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF